UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOD SUPER FAST PIZZA FRANCHISING LLC,<br><br>Plaintiff,<br><br>v.<br><br>TSFR PIZZA LLC et al.,<br><br>Defendants. | CASE NO. 2:26-cv-00430-LK<br><br>ORDER DENYING MOTION TO DISMISS AND RETAIN JURISDICTION |

This matter comes before the Court on Plaintiff MOD Super Fast Pizza Franchising, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(a)(2). Dkt. No. 18.

MOD's motion seeks an "order dismissing this matter with prejudice but retaining jurisdiction pursuant to Fed. R. Civ. P. 41(a)(2)." *Id.* at 1. The motion states that the parties "have resolved this matter via settlement agreement," the terms of which "require [MOD] to dismiss this matter with prejudice but allow for the Court to retain jurisdiction for enforcement of the settlement." *Id.*[1]

[1] The Court construes the motion as unopposed because MOD noted the motion for the same day it was filed pursuant to Local Civil Rule 7(d)(1), and the parties stated in their joint status report that their settlement "Term Sheet

Federal courts have ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *K.C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). Here, the parties have not filed their settlement agreement or explained what retaining jurisdiction would entail. Nor have they addressed why a stipulated motion to dismiss would be insufficient to settle their case. *See Duncanson v. Wnc of Cincinnati LLC*, No. 1:16-CV-00788-SEB-DML, 2020 WL 4043175, at *3 (S.D. Ind. July 17, 2020) ("Certainly a stipulated dismissal would be the best procedure by which this matter could have been 'quickly wrapped up,' rather than the path the parties have embarked upon that has involved protracted briefing and multiple court orders and ultimately will require ongoing court supervision of these decrees.").

In addition, typically, "the remedy for breach of a settlement agreement is a new contract action[.]" *Eli Lilly & Co. v. Alderwood Surgical Ctr. LLC*, No. 2:24-cv-00878-LK, 2025 WL 2697126, at *1 (W.D. Wash. Sept. 22, 2025). The parties have presented no reason to depart from that rule or from the default rule of new case assignments "by random selection." LCR 3(d); s*ee also Reardon v. Wenski*, No. 11-24606-CIV-ZLOCH, 2012 WL 718719, at *1 (S.D. Fla. Mar. 6, 2012) ("[R]andom assignment protects the integrity of the judicial system by leaving the pairing of cases and judges to chance." (citation modified)).

For these reasons, MOD has not shown that the Court should retain jurisdiction over this matter.

---

contemplates dismissal of the Complaint" and "the Court retaining jurisdiction over the dispute to enforce the parties' settlement," Dkt. No. 17 at 1.

The Court cautions that it will not approve continuing jurisdiction over an agreement without seeing the agreement (which should also be made available to the public) and ensuring that it "is fair, reasonable and equitable and does not violate the law or public policy," *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990); *see also Eli Lilly & Co. v. Alderwood Surgical Ctr. LLC*, No. 2:24-CV-00878-LK, 2026 WL 1584704, at *3 (W.D. Wash. June 3, 2026) (denying motion to seal settlement agreement over which the parties sought the court's continuing jurisdiction); *United States v. S. Fla. Water Mgmt. Dist.*, No. 88-1886-CIV, 2005 WL 1327359, at *1 (S.D. Fla. June 1, 2005) (asking a court to approve continuing jurisdiction over a settlement agreement effectively converts the agreement into a consent decree). The Court will not approve continuing jurisdiction over any agreement that is not "limited to reasonable and necessary implementations of federal law," *Horne v. Flores*, 557 U.S. 443, 450 (2009), and "no more burdensome . . . than necessary," *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753, 765 (1994) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)); *see also Eli Lilly*, 2026 WL 1584704, at *6 (declining to approve proposed consent decree in trademark infringement dispute). Any renewed motion that proposes continuing jurisdiction must explain why, "[g]iven the already scarce resources of the Court to handle cases actually requiring judicial resolution, pledging resources to monitor the settlement of a case of entirely unknown and disputed merit" is appropriate. *Funimation Ent. v. Timmons*, No. 13-CV-00533-MSK-MJW, 2014 WL 6873061, at *1 (D. Colo. Oct. 24, 2014); *see also Henry v. Omoi, Inc.*, No. 25-CV-3151, 2026 WL 636799, at *8 (N.D. Ill. Mar. 6, 2026) ("Enlisting a district court to police a settlement imposes a cost on every other litigant in every other case on that court's docket. The opportunity cost is real, and is paid by everyone else."); ProPublica, Habeas Tracker, https://projects.propublica.org/habeas-tracker/ (last visited Oct. 24, 2026); Mike Carter, *WA federal courts flooded with immigration*

*cases*, Seattle Times, Apr. 2, 2026, https://www.seattletimes.com/seattle-news/law-justice/wa-sees-historic-surge-of-immigrants-challenging-their-detention/ (last visited Oct. 24, 2026).

Accordingly, the Court DENIES the motion to dismiss without prejudice. Dkt. No. 18.

Dated this 26th day of October, 2026.

Lauren King
United States District Judge